IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| CAROL CROWNOVER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-00132-AM |
| | § | |
| NANCY CROWNOVER Individually and | § | |
| in her capacity as Co-Trustee of | § | |
| THE RUNNING "M" RANCH | § | |
| IRREVOCABLE TRUST | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NANCY CROWNOVER'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS DEFENDANT NANCY CROWNOVER IN HER INDIVIDUAL CAPACITY FROM PLAINTIFF'S "THIRD AMENDED PETITION" OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

**NOW COMES** Defendant Nancy Crownover, in her individual capacity ("Defendant"), and makes and files this her Reply to Plaintiff's Response to Motion to Dismiss Defendant Nancy Crownover in Her Individual Capacity from Plaintiff's "Third Amended Petition" or, in the Alternative, Motion for a More Definite Statement ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(d). In support thereof, the Court is respectfully shown the following:

**I.    Defendant Did Not Obstruct the Discovery Process**

Plaintiff's first argument is that Defendant, in both her individual capacity and co-trustee capacity, obstructed the discovery process. This argument borders on a Rule 11 violation and an admission by Plaintiff that she does not have the necessary facts to bring causes of action against Defendant for fraudulent transfer and tortious interference. More specifically, Plaintiff states "[t]he requests are material to Plaintiff's claims against NANCY, Individually, for they seek

information regarding the extent to which Trust funds were utilized for her individual benefit and/or her individual actions in rendering the Estate and the Trust incapable of paying the Note…." Doc. 65 at p. 2. This is precisely why Defendant filed the Motion. Plaintiff failed to provide more than a conclusory statement as to Defendant's individual actions for the fraudulent transfer and tortious interference causes of action and now we know why: Plaintiff lacks sufficient information to state a claim and is still seeking any fact or evidence to support the causes of action.

Further, the actions of Defendant's counsel did not delay any aspect of this case. Plaintiff requested to depose Defendant while multiple motions were still pending: Motions to Dismiss Plaintiff's Second Amended Petitions, both individually and in her capacity as trustee of the Trust (Docs. 17 and 18); a Motion for More Definite Statement filed by Defendant in her individual capacity (Doc. 17); and a Motion to Compel Plaintiff's Responses to Discovery filed by Defendant in her Co-Trustee capacity (Doc. 15). At the time of Plaintiff's request, it was still undecided as to what causes of action remained against Defendant in her individual capacity. Additionally, Plaintiff could have Noticed Defendant for a deposition but did not. Plaintiff has still not served any discovery requests to Defendant in her individual capacity.

II. **The Inclusion of Previously Dismissed Causes of Action is Improper**

"As a general rule an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading." *Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1237-38 (5th Cir. 1978), *vacated on other grounds*, 444 U.S. 959, 100 S. Ct. 442, 62 L. Ed. 2d 371 (1979) (*citing La Batt v. Twomey*, 513 F.2d 641, 651 (Cal. 1975)). *See also* 6 Wright & Miller, Federal Practice and Procedure: Civil § 1476 (1971); 3 Moore's Federal Practice ¶ 15.08 (1974).

> While the pleader who amends or pleads over, waives his objections to the ruling of the court on indefiniteness, incompleteness or insufficiency, or mere technical defects in pleadings, he does not waive his exception to the ruling which strikes "a vital blow to a substantial part" of his cause of action.

*Wilson*, 566 F.2d at 1238 (*quoting Blazer v. Black*, 196 F.2d 139, 143-33 (Cal. 1952)). Although the Fifth Circuit has recognized there was authority to the contrary, it stated that "such an approach spawns piecemeal appeals." *Wilson*, 566 F.2d at 1238. Counsel who reassert causes of action in an amended complaint which were previously dismissed risk sanctions. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). "The risk of sanctions is not merely hypothetical." *Id.* The Fifth Circuit has allowed Rule 11 sanctions for counsel who realleged claims against judicial defendants who had already been dismissed. *See Johnson ex rel. Wilson v. Dowd*, 345 F. App'x 26, 30 (5th Cir. 2009). *See also Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket by dismissing entire complaint for failure to follow instructions given with leave to amend). Allowing plaintiffs to replead causes of action which have already been dismissed is "unfair to the defendants to whom dismissal was granted insofar as…[they] may feel they must return to court to answer the same claims again." *Lacey*, 693 F.3d at 928.

Here, claims for breach of contract, common-law fraud, fraud by nondisclosure, statutory fraud, and unjust enrichment against Defendant in her individual capacity were dismissed for lack of personal jurisdiction on September 20, 2016. Doc. 13 at p. 27. Despite the Court's order, Plaintiff included those causes of action in both her Second Amended Petition and Third Amended Petition. Doc. 14 at p. 9-12 and Doc. 55 at p. 8-12. There is no procedural reason for the causes of action to be reasserted after the Court has dismissed them except to unfairly prejudice or harass Defendant.

**III.     Choice of Law**

Plaintiff relies upon a provision of the Family Settlement Agreement ("FSA") which states that Texas law will govern; however, Plaintiff fails to advise the Court that Defendant is not a party to the FSA in any capacity. Likewise, the other choice of law provision Plaintiff relies on, the Note, was only signed by Hugh Crownover, not Defendant. The reasoning for allowing choice of law provisions to control is that the parties have bargained for the provision. Here, Defendant had no opportunity to bargain for the choice of law provisions in the FSA or the Note. As a result, they should not apply to causes of action against Defendant. Despite Plaintiff's assertion that Defendant missed the mark on the most significant relationship test, the facts remain that the Trust is an Oklahoma Trust located in Oklahoma and Defendant resides in Oklahoma. It is clear that any alleged actions taken by Defendant would have occurred in Oklahoma; therefore, Oklahoma law should apply.

IV.  **There is No Claim Against Defendant Individually for Fraudulent Transfer**

Plaintiff specifically states that she "does not contend that Defendant made the transfer from the Estate to the Trust." Doc. 65 at p. 6. With that admission, Plaintiff's argument rests of the baseless conclusion that since Defendant was married to Hugh at the time, then she is an "insider and/or affiliate" rendering her liable for Hugh's actions. Plaintiff fails to cite or include any additional allegations about Defendant's actions individually which would constitute a fraudulent transfer. Allowing this cause of action to proceed and Plaintiff's application of "insider and/or affiliate" would allow any family member to be sued for a fraudulent transfer by another family member by merely stating the relative transferred something and the family member is related. There must be more involvement in the transaction to be held as an "insider and/or affiliate". Defendant's alleged status as an "insider and/or affiliate" is insufficient to bring

a cause of action for fraudulent transfer; hence, the claim against Defendant in her individual capacity for fraudulent transfer should be dismissed.

### V. There is no claim for tortious interference against Defendant in her individual capacity

Plaintiff asserts that Defendant's conduct and interference with the Estate of Melvin N. Crownover by rendering the Estate incapable of honoring the FSA and the payment of the Promissory Note are the facts behind the cause of action for tortious interference. In response to Defendant's argument that any actions allegedly constituting tortious interference were not committed by Defendant in her individual capacity, Plaintiff is relying on an alleged scheme or course of conduct of Defendant to defund the Estate. The flaw in Plaintiff's argument is that she relies on the drafting dates of the Trust and the FSA but does not identify any interference by Defendant with the same that would make the Estate incapable of honoring the FSA; therefore, Plaintiff has once again failed to set forth any alleged actions by Defendant in her individual capacity to defund the Estate. As such, Plaintiff's tortious interference claim should be dismissed against Defendant individually.

### CONCLUSION

For the above-stated reasons, Defendant respectfully requests that the Court grant her Motion in its entirety and dismiss all claims against Defendant in her individual capacity, along with all other relief the Court deems appropriate.

Respectfully Submitted,

/s/ Conner L. Helms
Conner L. Helms, Texas Bar No. 9399930
conner@helmsunderwood.com
HELMS & UNDERWOOD
One NE Second Street, Suite 202

Oklahoma City, Oklahoma 73104
Telephone: (405) 319-0700
Facsimile: (405) 319-9292
*ATTORNEYS FOR DEFENDANT*
*Nancy Crownover in her individual capacity*

**CERTIFICATE OF SERVICE**

On this 3rd day of April, 2017, I electronically transmitted this document to the Clerk of the Federal Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| A.L. Hernden | MARVIN G. PIPKIN |
| Law Offices of A.L. Hernden | PIPKIN & OLIVER, L.L.P. |
| 222 Main Plaza East | 1020 N.E. Loop 410, Suite 810 |
| San Antonio, Texas 78205 | San Antonio, Texas 78209 |
| Telephone: (210) 227-5161 | Telephone No. (210) 820-0082 |
| Facsimile: (210) 227-8553 | Facsimile No. (210) 820-0077 |
| alhernden@justice.com | mpipkin@pipkinoliver.com |
| | State Bar No. 16026600 |
| Richard J. Karam | KORTNEY M. KLOPPE-ORTON |
| Law Office of Richard J. Karam | kkloppe@pipkinoliver.com |
| The Ariel House | State Bar No. 00794104 |
| 8118 Datapoint Drive | ATTORNEYS FOR DEFENDANT |
| San Antonio, Texas, 78229 | NANCY CROWNOVER in her capacity as |
| Telephone: (210) 614-6400 | Co-Trustee of THE RUNNING "M" RANCH |
| Facsimile: (210) 614-6401 | IRREVOCABLE TRUST |
| RJKaram@aol.com | |

                                                  s/Conner L. Helms
                                                  Conner L. Helms